SUMMARY ORDER

Petitioner Yuan Qiang Lin-Lin, a native and citizen of the People’s Republic of China, seeks review of a March 13, 2008 order of the BIA affirming the April 20, 2006 decision of Immigration Judge (“IJ”) Douglas Schoppert denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Yuan Qiang Lin-Lin, No. A 98 715 369 (B.I.A. Mar. 13, 2008), aff'g No. A 98 715 369 (Immig. Ct. N.Y. City Apr. 20, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see, e.g., Shu Wen Sun v. BIA 510 F.3d 377, 379 (2d Cir.2007). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of *798 the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii); see Xiu Xia Lin v. Mukasey, 534 F.3d 162, 163-64 (2d Cir.2008). The Court reviews de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We conclude that, even assuming that Lin-Lin established “resistance” to China’s family planning policy, substantial evidence supports the agency’s determination that he did not establish past persecution. Although Lin-Lin asserts that he was “traumatized” by his mother’s forced sterilization, he concedes that he is not per se eligible for relief based on the forced sterilization of his mother and fails to otherwise allege circumstances that might give rise to a finding of past persecution.
Similarly, the record supports the agency’s determination that Lin-Lin failed to demonstrate a well-founded fear of persecution. Lin-Lin testified that, after he went into hiding at a relative’s home, public security officers looked for him at his own home in December 2004 because he opposed the family planning policy and interfered with its enforcement. The IJ did not find Lin-Lin’s testimony with regard to this incident credible because neither his asylum application nor the letter he submitted from his father mentioned it. Lin-Lin asserts that these facts do not support an adverse credibility determination because the IJ found credible Lin-Lin’s testimony with respect to his initial confrontation with the authorities in November 2004, and the December 2004 visit was “inconsequential.” However, because, as the Government notes, Lin-Lin failed to exhaust this argument before the BIA, we decline to review it. See Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 121-22, 124 (2d Cir.2007) (describing issue exhaustion as “mandatory”).
Moreover, the agency properly found that the ability of Lin-Lin’s family members to continue to live in China unharmed, despite the November 2004 incident, undermined his claim that he would be persecuted there on account of any resistance to the family planning policy. See Melgar de Torres v. Reno, 191 F.3d 307, 313 (2d Cir.1999). While Lin-Lin testified that the authorities had threatened to arrest his entire family for “obstructing” official duties, he denied that they had been arrested since his departure from China.
Based on these circumstances, the agency’s determination that Lin-Lin failed to demonstrate a well-founded fear of persecution was reasonable, particularly inasmuch as Lin-Lin had the burden of proffering evidence of his well-founded fear of persecution. Hoxhallari v. Gonzales, 468 F.3d 179, 185 (2d Cir.2006). Accordingly, the BIA’s denial of Lin-Lin’s asylum application was proper. Because Lin-Lin was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
Finally, in light of the fact that Lin-Lin failed to challenge on appeal the IJ’s denial of his request for CAT relief, we are without jurisdiction to consider the challenge to the denial of that relief he now seeks to raise. See 8 U.S.C. § 1252(d)(1); see also Karaj v. Gonzales, 462 F.3d 113, 119 (2d Cir.2006). To that extent, we dismiss the petition for review.
*799 For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.